UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sharon N. R., | Case No. 2:24-cv-00178-DJA |
| Plaintiff, | |
| v. | **Order** |
| Martin O'Malley, Commissioner of Social Security, | |
| Defendant. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *in forma pauperis.* (ECF No. 9). Plaintiff has submitted an amended complaint. (ECF No. 12). The Court finds that Plaintiff's amended complaint has met the basic requirements to pass screening. When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, \*2 (D. Nev. Jan. 26, 2015) (collecting cases). *See id.* First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision. *See id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.* Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. *See id.* Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See id.*

Here, Plaintiff's amended complaint satisfies all four requirements. First, the amended complaint asserts that Plaintiff has properly sought review under 42 U.S.C. § 405(g) because she applied for Supplemental Security Income and Disability Insurance Benefits, which claims an administrative law judge ("ALJ") denied on March 2, 2023. The Appeals Council denied review on September 27, 2023, making the ALJ's decision the final decision of the Commissioner.

Plaintiff requested an extension of time to file a federal court appeal on November 20, 2023, which request the Appeals Council granted on January 23, 2024, extending the deadline to thirty days from the date Plaintiff received the letter. Plaintiff thus timely filed her *in forma pauperis* application on January 25, 2024. Second, Plaintiff claims to live in the jurisdictional boundaries of this Court. Third, the amended complaint outlines the nature of Plaintiff's disabilities, and the date Plaintiff became disabled. Fourth, the amended complaint concisely states Plaintiff's disagreement with the Social Security Administration's determination. Because Plaintiff's amended complaint meets each of these requirements, it satisfies screening.

**IT IS THEREFORE ORDERED** that the amended complaint (ECF No. 12) shall proceed as the operative complaint in this action.[1]

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendant or counsel for the Defendant. The Court may disregard any paper received by a judge which has not been filed with the clerk, and any paper received by a judge or the clerk which fails to include a certificate of service.

DATED: March 28, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will not order the Clerk's Office to notify the Commissioner under Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) because the Commissioner has already appeared in this action and has filed a certified copy of the administrative record, which constitutes an answer under Rule 4(b) of the Supplemental Rules.