# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sharon N. R., | Case No. 2:24-cv-00178-DJA |
| Plaintiff, | |
| v. | **Order** |
| Martin O'Malley, Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Sharon N. R.'s brief moving for remand (ECF No. 18) and the Commissioner's cross-motion to affirm (ECF No. 20). Plaintiff did not file a reply. Because the Court finds that the administrative law judge's ("ALJ") residual functional capacity ("RFC") is supported by substantial evidence, the Court denies Plaintiff's motion (ECF No. 18) and grants the Commissioner's cross-motion to affirm (ECF No. 20). The Court finds these matters properly resolved without a hearing. LR 78-1.

## **BACKGROUND**

### I.   Procedural history.

Plaintiff filed claims for disability insurance benefits and supplemental security income on August 27, 2020, alleging disability commencing January 1, 2018. (ECF No. 18 at 2); (AR 26). Her "date last insured" for the purposes of her disability insurance benefits claim is December 31, 2019. (ECF No. 18 at 2). Her claims were denied initially and on reconsideration and a hearing was held on January 12, 2023, before ALJ Cecilia LaCara. (*Id.*). The ALJ denied Plaintiff's claims and the Appeals Council denied review on September 27, 2023, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 3). The Appeals Council granted Plaintiff an extension of time to file a civil action on January 23, 2024, and Plaintiff then timely filed this civil action on January 25, 2024. (*Id.*); (ECF No. 1).

## II. The ALJ decision.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. 416.920(a) and 20 C.F.R. 404.1520(a). (AR 24-49). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2018. (AR 26). At step two, the ALJ found that Plaintiff has the following severe impairments: inflammatory arthritis (including psoriatic arthritis and/or spondyloarthropathy), psoriasis, fibromyalgia, emphysema, posttraumatic stress disorder ("PTSD"), depression, and anxiety. (AR 27-29). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 29-32). In making this finding, the ALJ considered Listings 3.02, 3.03, 14.09, 1.15, 1.16, 8.05, 12.04, 12.06, 12.15, and other Section 12.00 listings. (AR 29-32).

At step four, the ALJ found that Plaintiff,

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with non-exertional limitations as follows. She can climb ramps and stairs frequently but never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, crouch, kneel, and crawl. She must avoid concentrated exposure to respiratory irritants and moderate exposure to hazards. She can perform tasks that are simple and routine and can be learned within three months. She can have occasional superficial interactions with the public.

(AR 32-47).

At step five, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 47). However, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including routing clerk, housekeeping cleaner, and marker. (AR 48). Accordingly, the ALJ found that Plaintiff had not been disabled since January 1, 2018, through the date of the decision. (AR 49).

## STANDARD

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

## DISABILITY EVALUATION PROCESS

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must

demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSR 16-3p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she can do other work, then a finding of not disabled is made.  Although the individual generally

continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

## ANALYSIS AND FINDINGS.

**I.     Whether the ALJ's RFC is supported by substantial evidence.**

*A.     The parties' arguments.*

Plaintiff argues that the ALJ improperly omitted Plaintiff's mental limitations from the RFC. (ECF No. 18 at 2). Plaintiff argues that medical examiner Bruce J. Tapper, Ph.D., and State Agency examiner Leela J. Reddy, M.D., assessed Plaintiff to have far greater mental limitations than the RFC reflects. (*Id.* at 10). Specifically, Dr. Tapper evaluated Plaintiff and her records to determine that Plaintiff "[did] not appear to be capable of working any capacity at this time…[h]er PTSD limits her ability to work at all around other people since she does not trust others, is easily overwhelmed in any crowded situations, is hypervigilant, and is subject to panic attacks in the workplace." (ECF No. 18 at 4-5) (citing (AR 1023)). Dr. Reddy evaluated Plaintiff's records initially and on reconsideration and determined that Plaintiff had moderate limitations in the following two of four "paragraph B" criteria: interact with others; and concentrate, persist, or maintain pace. (*Id.*). Dr. Reddy also opined that Plaintiff was moderately limited in various other subcategories and markedly limited in her ability to interact with the public. (*Id.* at 5-6). Plaintiff argues that the ALJ improperly ignored these opinions in creating the RFC. (*Id.* at 9-11). Plaintiff argues that the ALJ also erred in finding Dr. Reddy's opinion "generally persuasive" and then failing to incorporate her opined mental limitations into the RFC without explanation. (*Id.* at 12-13). Plaintiff argues that the ALJ erred in finding Dr. Tapper's opinion unpersuasive on the basis that Dr. Tapper opined on an issue reserved to the Commissioner. (*Id.* at 13). Plaintiff points out that Dr. Tapper's statement was not the type that the ALJ is permitted to reject as being reserved to the Commissioner but was instead a statement regarding Plaintiff's work-related limitations. (*Id.*). Plaintiff also takes issue with the ALJ's consistency analysis regarding Dr. Tapper's opinion, pointing out that the ALJ's note that Dr.

Tapper's opinion was not consistent with the remainder of the record fails to recognize that Plaintiff did not always present with identical or disabling levels of mental impairment, but that her symptoms waxed and waned. (*Id.* at 13-14). Plaintiff thus argues that the ALJ's RFC is not supported by substantial evidence and that the Court should remand the case for further proceedings. (*Id.* at 14-15).

The Commissioner responds that the ALJ's RFC was supported by substantial evidence because it only incorporated those mental limitations which were consistent with the evidence. (ECF No. 20 at 5). The Commissioner argues that the ALJ appropriately declined to incorporate mental limitations which were not entirely consistent with record evidence. (*Id.*). The Commissioner asserts that the ALJ reasonably found Dr. Tapper's opinion to be unpersuasive on multiple grounds. (*Id.* at 6-8). First, the ALJ rightfully disregarded Dr. Tapper's statement that Plaintiff "does not appear to be capable of working," because that kind of assessment is reserved for the Commissioner as one regarding whether a claimant is disabled or unable to work. (*Id.*). Second, the ALJ determined that Dr. Tapper's opinion was not supported by his examination because Dr. Tapper "appears to have relied on [Plaintiff's] subjective report," accepting Plaintiff's statements uncritically. (*Id.*). Third, the ALJ considered that Dr. Tapper's opinion that Plaintiff could not work around others to be inconsistent with the greater record which demonstrated that Plaintiff generally presented normally and was able to travel, which travel—particularly her trips to Las Vegas—inherently requires navigating crowds and contact with strangers. (*Id.*). The Commissioner argues that the ALJ reasonably found Dr. Reddy's opinion to be "generally persuasive," and points out that the ALJ's ultimate RFC is consistent with Dr. Reddy's narrative assessment of Plaintiff's functional limitations. (*Id.* at 8-10). The Commissioner asserts that the moderate limitations that Dr. Reddy assessed were merely Dr. Reddy's ratings of areas of functioning, while the narrative assessment "accounted for all the ratings, including the moderate limitation in social and other areas of functioning." (*Id.*). Because an ALJ's RFC need only be consistent with a doctor's assessed limitations, not identical, the Commissioner asserts that the RFC is supported by substantial evidence and that the Court should affirm. (*Id.*).

**B.      Analysis.**

The ALJ's findings of fact, as embodied in the RFC, are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. *Miller v. Kijakazi*, No. 2:22-CV-00355-EJY, 2023 WL 1525429, at *6–7 (D. Nev. Feb. 3, 2023).

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment relationship, and examining relationship), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Agency's] disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore, the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Even under the new regulations, the ALJ is obligated to consider the opinions from each medical source and cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022); *see Kramer v. Kijakazi*, No. 20-cv-2065-GPC(AHG), 2022 WL 873630, at *4 (S.D. Cal. Mar. 24, 2022). "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other

source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792.

Here, the Court does not find Plaintiff's arguments that the ALJ erred in assessing the RFC to be persuasive and finds that the RFC was supported by substantial evidence.  Regarding Plaintiff's argument that Dr. Tapper and Dr. Reddy opined greater mental limitations than the RFC the ALJ ultimately assessed, Plaintiff ignores that the ALJ, not a doctor, is responsible for assessing the RFC.  *See* 20 C.F.R. § 404.1546(c); *see Rounds v. Comm'r*, 807 F.3d 996, 1006 (9th Cir. 2015) ("the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC").  And Plaintiff provides no authority for the proposition that the ALJ was required to incorporate Dr. Tapper's opinions, which she did not find to be persuasive, into the RFC.

Additionally, the ALJ did incorporate Dr. Reddy's opinions into the RFC.  Dr. Reddy, in her narrative explanation of her RFC, stated the following:

> Based only on record review, the evidence suggests symptoms are partially consistent with allegations as the above [medically determinable impairments] are established but [activities of daily living] and objective findings do not suggest claimant is precluded from all work.  While symptoms do adversely impact ability to persist in some work settings, alleged severity is not supported.  Claimant is able to persist at tasks that can be learned in one to three months on the job (toward the middle of this range.)  Claimant can work in coordination with or proximity to others without being (unduly) distracted by them or exhibiting behavioral extremes and interact briefly with the public within physical limitations.

(AR 143).

The ALJ's RFC explicitly incorporated these limitations, opining that Plaintiff could "perform tasks that are simple and routine and can be learned within three months" and that Plaintiff could have "occasional superficial interactions with the public."  (AR 32).  While Plaintiff asserts that the RFC did not incorporate the moderate limitations that Dr. Reddy opined when responding to questions in the mental RFC assessment section of the opinion, Plaintiff's argument ignores the instructions within that section.  (AR 140-143).  Those instructions provide that, while the questions "help determine the individual's ability to perform sustained work activities…the actual mental residual functional capacity assessment is recorded in the narrative

discussion(s), which describes how the evidence supports each conclusion." (AR 140). Plaintiff's argument does not address this instruction or explain why the ALJ should have incorporated Dr. Reddy's answers to the mental RFC questions rather than Dr. Reddy's narrative discussion of those questions, which is the "actual mental [RFC]." (AR 140). So, the Court finds that Plaintiff's argument that the RFC does not incorporate her mental limitations is without merit.

Plaintiff's argument that the ALJ erred in analyzing Dr. Tapper's opinions is also without merit. While Plaintiff takes issue with the ALJ characterizing part of Dr. Tapper's opinion as addressing issues left for the Commissioner, the Court does not find the ALJ's characterization to be improper. Clinicians' statements that a claimant is "disabled" or "able to work" are "inherently neither valuable nor persuasive." 20 C.F.R. 404.1520b(c)(3); 404.920b(c)(3). And Dr. Tapper's opinions that Plaintiff "does not appear capable of working [in] any capacity at this time," and that her "PTSD limits her ability to work at all around other people," are precisely about whether Plaintiff is able to work. (AR 1024).

Additionally, the Court is not persuaded by Plaintiff's argument that the ALJ improperly considered supportability and consistency when analyzing Dr. Tapper's opinion. Plaintiff argues that the ALJ only picked records showing Plaintiff to be doing well with which to compare Dr. Tapper's opinion, ignoring the fact that mental health issues can fluctuate. (ECF No. 18 at 13-14). But in the ALJ's discussion of Plaintiff's mental health records, the ALJ noted both instances of Plaintiff doing well and of Plaintiff reporting difficulties with her mental health. (AR 40-43). Plaintiff acknowledges this in her brief, stating "even the ALJ's discussion proves only that the claimant does not *always* present with identical, or even always, disabling levels of mental impairment." (ECF No. 18 at 13). The Court does not find that the ALJ cherry picked records with which to compare Dr. Tapper's opinion in considering consistency. This is particularly true because Plaintiff's brief does not point to any records that the ALJ excluded. And, having reviewed Dr. Tapper's opinion, the Court finds that the ALJ's conclusion that Dr. Tapper's opinion was not supported by his exam because it appears to be based solely on Plaintiff's subjective reports to be supported by substantial evidence. (AR 46, 1021-24).

Ultimately, the Court finds that the ALJ's RFC is supported by substantial evidence. The Court thus denies Plaintiff's motion to remand. It grants the Commissioner's cross motion to affirm.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 18) is **denied.**

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 20) is **granted.** The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: December 10, 2024

---

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE